**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TELES AG INFORMATIONSTECHNOLOGIEN, <br> Plaintiff <br> v. <br> CISCO SYSTEMS, INC., <br> Defendant. | ) ) ) ) ) ) ) ) | C. A. No. 09-072 –SLR |
| CISCO SYSTEMS, INC., <br> Plaintiff/ <br> Counterclaim-Defendant, <br> v. <br> TELES AG INFORMATIONSTECHNOLOGIEN, <br> Defendant/ Counterclaim-Plaintiff. | ) ) ) ) ) ) ) ) ) ) | C. A. No. 09-232-SLR |
| TELES AG INFORMATIONSTECHNOLOGIEN, <br> Plaintiff, <br> v. <br> QUINTUM TECHNOLOGIES, LLC, <br> Defendant. | ) ) ) ) ) ) ) ) ) | C. A. No. 06-197-SLR |

**TELES' REPLY SUPPORTING ITS MOTION FOR LEAVE TO
AMEND ITS PLEADINGS IN THE CISCO AND QUINTUM CASES**

As explained in Teles' opening papers (D.I. #86 in C.A. No. 09-072) ("Opening Brief"), the Court should grant Teles leave to amend its pleadings (1) to add SSBG because it Teles recently assigned all ownership interest to SSBG and (2) to add declaratory judgment relief to provide procedural options in light of the Court's recent *sua sponte* decision to bifurcate these litigations. Cisco's Opposition papers studiously avoid the relevant legal standard for opposing such amendment – i.e., Cisco has not shown or argued that the amendments should be barred based on undue delay, bad faith, prejudice or futility. Rather, Cisco attempts to by-pass the relevant amendment standard at issue here and plunge straight into discovery disputes (with little

merit at that). Such discovery disputes may be addressed by Magistrate Judge Stark to whom the Court has referred all discovery disputes.

The controlling standard on leave to amend pleadings provides that "the court should freely give leave when justice so requires": *i.e.*, in the absence of undue delay, bad faith, undue prejudice to the non-movant, or futility.[1] The more dispositive factor is prejudice to the nonmoving party, who "has the burden [of] proving that actual prejudice will result from amendment of the complaint.[2] Teles' proposed amendments plainly meet this standard.

**No Undue Delay**. Cisco has not alleged undue delay, nor could it credibly do so. Teles filed its motion to amend within the time permitted by the Court's scheduling order. Teles timely notified Cisco and sought this amendment after the transfer of ownership of the patents-in-suit to SSBG. And Teles timely sought to add declaratory judgment relief upon the Court's *sue sponte* bifurcation of the case that altered the procedural posture of the case to warrant seeking such declaratory judgment relief (i.e., to assure a vehicle exists for Rule 54(b) final judgment and appellate review of the liability phase of the litigation).

**No Bad Faith**. Cisco has not alleged any bad faith in the proposed amendment, nor could it credibly do so. SSBG indisputably has an ownership interest in the patents and must be added as a party. And the addition of declaratory judgment relief for Teles provides valid procedural options in light of the Court's *sua sponte* bifurcation.

**No Prejudice To Cisco**. Cisco has articulated no prejudice, nor could it, in the amendments. Adding the actual patent owner upon timely notice during discovery could not constitute undue prejudice (if any). And Cisco's complaint about Teles seeking declaratory

---

[1] Fed. R. Civ. P 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997); *CCPI Inc. v. Am. Premier, Inc.*, 967 F.Supp. 813, 815 (D. Del. 1997).

[2] *Clark v. Williams*, 2008 WL 1803648, at *2 (D. Del. Apr. 18, 2008); *See also Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006).

judgment relief is that such declaratory judgment does not add anything to the case – far from being prejudicial.

**No Futility**.  Cisco has not alleged futility in the proposed amendments to add SSBG and declaratory relief, nor could it do so.

In sum, Cisco's opposition papers make no credible argument of – much less carry Cisco's burden of proving – prejudice by entry of Teles' proposed amendments. Because Cisco has not shown that prejudice or any other factors exist here, Teles' motion to amend should be granted.

I. **Teles Transferred All Substantial Rights In The Patents-At-Issue To SSBG**

As discussed in Teles' opening brief (Opening Brief at 3-6), the plain language of the "Purchase And License Agreement" clearly shows that Teles sold and assigned all rights in the patents-in-suit to SSBG (also abbreviated "SSB") – "TELES **sells and herewith assigns** the PATENTS … **to SSB**" and "[o]n the day of the execution of this agreement, the rights mentioned above become **the exclusive property of SSB**."  Teles also signed and filed with the Patent Office a "Confirmation of Assignment" (Exhibit 5 to Opening Brief) for each of the patents-in-suit that "all of its rights, past, present and future" were assigned to SSBG by that Assignment.  SSBG clearly has an ownership interest in the patents and should be added to the litigation.  That should resolve this issue at this stage of the litigation – i.e., leave to amend the pleadings to add SSBG to the litigation.  Cisco, however, makes two spurious arguments.

First, Cisco argues that it should be provided discovery on the entire "Purchase and License Agreement" before the amendment may be entered.  Cisco plainly has the process backwards.  Further, Cisco's excuse for seeking discovery as part of this motion to amend is Cisco's unexplained or supported allegation that Teles somehow still has some ownership interest in the patents.  The plain language of the assignment documents, discussed above, make clear that is not the case.  Whether Cisco can show entitlement to more discovery is, at most, a discovery issue and not one that bars the proposed amendments in the first instance.  The Court

has referred all such discovery issues to Magistrate Judge Stark, who can determine what, if any, discovery is proper upon considering Cisco's showing of relevancy, *vel non*, Teles' concerns of undue burden and reasonable protections against potential litigation abuse.

Second, Cisco argues that Teles should not remain a party in the case if all rights have been assigned to SSBG. Teles agrees. The issue here is the proper time to dismiss Teles. Cisco may have some unarticulated argument that Teles somehow is a necessary party to this litigation. If Teles were dismissed in that circumstance, the Court may be faced with an unenforceable judgment if Teles were not added back as a party. Further, if Teles were not a party, then Teles would be a non-party, and non-parties are afforded more protections from discovery. That appears to be the rules, not something Teles conjured up as Cisco erroneously suggests. Prudence, therefore, dictates maintaining Teles as a party in this action. Such issues of standing can be cured any time before entry of judgment, so prudence dictates not rushing to do so now. [3]

## II. Teles' Declaratory Judgment Claims Are Proper And Will Promote Judicial Economy

The second event that has prompted this leave to amend to add Teles' request for declaratory judgment relief is to respond to the change in procedural posture caused by the Court's recent *sua sponte* bifurcation of this case. As explained in Teles' opening brief (Opening Brief at 7-8), such declaratory judgment claims will ensure an option to obtain Rule 54(b) final judgment after the liability phase of this litigation while the damages phase is still pending. Cisco's argues that adding such actions should be denied as redundant of Cisco's declaratory judgment actions. Cisco is wrong for several reasons.

First, "redundant" is not a proper basis to deny an amendment. And it certainly shows there is no prejudice in allowing the amendments.

Second, Cisco did not seek declaratory judgment relief as to the '902 Patent. So Teles' declaratory judgment claim as to the '902 Patent could not be redundant.

---

[3] *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203-04 (Fed. Cir. 2005).

Third, Teles properly can plead and control its own claims for declaratory judgment relief. Indeed, the need to do so is particularly acute here. Cisco started this litigation by filing a declaratory judgment action of no infringement and invalidity of the '453 Patent. The basis for declaratory judgment jurisdiction is that the complainant is seeking an immediate adjudication of its rights to avoid harm that is caused in not knowing its rights – e.g., the Court promptly declare whether Cisco infringes valid patent claims so that Cisco can know its rights rather than continue to accrue damages in the absence of a declaration of its rights. [4] Cisco, however, later sought to stay the litigation. Cisco's seeking of a stay that delays final judgment of rights and permits continued accrual of damages in the interim is antithetical to declaratory judgment jurisdiction in the first instance. Teles, therefore, should be permitted to seek declaratory judgment that is not imperiled by the whims of Cisco's litigation tactics.

Fourth, the ability of the Court to enter a Rule 54(b) final judgment has substantial practical and legal consequences. This litigation most likely will be completed long before the pending inter partes reexamination of the '902 Patent. By statute, the inter partes reexamination will terminate upon a "final decision" in this litigation.[5] Thus, timely Rule 54(b) final judgment will save the parties, Patent Office and the Court undue expense in continued reexamination or arguments about whether an interlocutory appeal of the liability phase – as Cisco suggests – constitutes a "final decision" under the inter partes reexamination statute.

### III. Teles' Addition Of Infringing Products Is Proper

Cisco also makes a spurious argument that Teles should not be permitted to add additional infringing products to the Complaint. To be clear, Teles has disclosed this list of infringing products to Cisco during the course of this litigation as discovery progresses – e.g., Cisco production of documents and source code. Teles seeks the addition of additional products

---

[4] *One World Botanicals v. Gulf Coast Nutritionals*, 987 F. Supp. 317, 330 (D.N.J. 1997).

[5] 35 U.S.C. § 317(b).

in the pleadings themselves may not be necessary, but is prudently made because Cisco appears to be playing games about whether it is producing discovery on products not specifically identified in Teles' pleadings. The products added are of the same kind and nature as those of the original pleadings to which Cisco made no objection. Cisco's objections sound more in discovery, and this Court has set a vehicle in place resolving discovery disputes. They are no basis for denying the amendment.

**IV.     Conclusion**

Teles respectfully request that the Court grant leave to amend its pleadings.

ASHBY & GEDDES

*/s/ Lauren E. Maguire*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com
*Attorneys for Plaintiff
Teles AG Informationstechnologien*

*Of Counsel:*

David W. Long
Mark L. Whitaker
Monica Lateef
HOWREY LLP
1299 Pennsylvania Ave., NW
Washington, DC 20004
(202) 783-0800

Dated: October 29, 2009