IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELES AG INFORMATIONTECHNOLOGIEN, | ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 09-72-SLR |
| CISCO SYSTEMS, INC., | ) ) ) |
| Defendant. | ) |

| | |
|---|---|
| CISCO SYSTEMS, INC., | ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 09-232-SLR |
| TELES AG INFORMATIONTECHNOLOGIEN, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 7th day of June 2010, having reviewed Teles's motion to amend its complaints and counterclaims (D.I. 86[1]), Cisco's motion to dismiss for lack of subject matter jurisdiction (D.I. 198), and the papers submitted in connection therewith;

IT IS ORDERED that the parties shall supplement their briefing on the motions as follows.

1. **Background**. In mid-2009, Teles transferred ownership of the '453, '902 and '431 patents by assignment to Sigram Schindler Beteiligungsgesellschaft mbH

_____

[1]All docket item numbers reference Civ. No. 09-72-SLR.

("SSBG"), a German corporation owned solely by Prof. Sigram Schindler, founder of
Teles and inventor of the patents in suit. Teles represents that SSBG and Prof.
Schindler own a controlling interest in Teles, and Teles has been granted a non-
exclusive license to manufacture, use and sell products under the patents.

2. On May 13, 2009, the court entered a scheduling order in these consolidated
cases setting the close of fact discovery as November 16, 2009; document production
was scheduled to be completed on September 1, 2009. (D.I. 20)  On October 1, 2009,
Teles filed a motion to amend its patent infringement complaints in Civ. Nos. 09-72-SLR
and 06-197-SLR and to amend its counterclaims and request for declaratory judgment
in Civ. No. 09-232-SLR. (D.I. 86)  The following day, the parties filed a stipulation and
order extending fact discovery through December 16, 2009. (D.I. 87)

3. Cisco opposes Teles's motion to amend on the basis that Teles remains a
named party in the amended pleadings.  Cisco argues that Teles, a non-exclusive
licensee, now lacks standing to sue and has filed a motion to dismiss on that basis.
(D.I. 198) Cisco also opposes the motion to amend on the basis that the amended
pleadings in Civ. No. 09-232-SLR contain an extended list of accused products adding
over 200 new products over multiple categories to the litigation. (D.I. 97 at 5)  Cisco
objects that the amended pleadings only conclusorily assert infringement as to these
products; the bases for infringement are not detailed. (*Id.*)

4. **Discussion**.  The majority of Cisco's concerns with respect to adding SSBG
as a party relate to discovery, which has now closed.  Although Cisco asserts that the
court now lacks jurisdiction over Teles's claims, it also states that removing Teles may

2

complicate its damages case,[2] insofar as "SSBG itself does not sell any products or compete with Cisco[.]" (*Id.* at 2)

5. The motions to amend and to dismiss were not addressed at the oral argument held in this case on May 28, 2010. At argument, the court advised the parties that any products not fully vetted through the discovery process would not be included at trial. It is unclear to the court which (if any) of the products identified in the amended complaint in Civ. No. 09-232-SLR fall into this category and, therefore, should not be added to the pleadings.

6. Therefore, on or before **June 14, 2010**, the parties shall each file a submission not to exceed five (5) double-spaced pages,[3] advising the court of the parties' current positions on the motions to amend and to dismiss.

7. On or before **June 21, 2010**, the parties may file rebuttal submissions not to exceed five (5) double-spaced pages.

8. In view of the court's bench ruling, Teles will be permitted to proffer revised amended pleadings deleting any products to which the court's ruling applies.[4]

United States District Judge

---

[2]As per the court's practice, the court has bifurcated the liability and damages phases of trial.

[3]The page limits assume compliance with LR 7.1.3(a)(2).

[4]Any such revised proposed complaints should be as exhibits to its opening submission, so as to allow Cisco the opportunity to respond.

3